# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOURAV G.,[1]<br>(A Number: 245-031-238)<br><br>Petitioner,<br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-04705-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc. 1)<br><br><u>TEN-DAY DEADLINE</u> |

Petitioner Gourav G. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner claims that he should be immediately released because he has been detained for longer than the six-month presumptively reasonable period of detention, and there is good reason to believe his removal is not significantly likely to occur in the reasonably foreseeable future.

The Court hereby takes judicial notice of *Gourav v. Marin*, No. 5:26-cv-00314-JFW-DSR filed in the United States District Court for the Central District of California.[2] On January 23, 2026, Petitioner filed a section 2241 petition, and on February 11, 2026, he filed a motion for

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

preliminary injunction seeking immediate release from custody. (5:26-00314, Docs. 1 & 4). Following a response by the Government, a report and recommendation issued April 22, 2026, recommending the petition for writ of habeas corpus be granted and that Petitioner be provided an individualized bond hearing before an immigration judge within seven days; it was further recommended the motion for preliminary injunction be denied as moot. (5:26-cv-00314, Doc. 12). On May 8, 2026, the Court issued its Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge, enjoining Respondents from continuing to detain Petitioner until he was provided an individualized bond hearing within seven days, that Petitioner be released from custody if not timely provided such a bond hearing, and denying Petitioner's motion for preliminary injunction as moot; judgment was entered that same date. (5:26-cv-00314, Docs. 15 & 16). On May 14, 2026, Petitioner filed a motion to alter judgment and a motion to enforce judgment. (5:26-00314, Docs. 17 & 18). The Government filed it opposition on May 26, 2026. (5:26-cv-00314, Doc. 22). Those motions remain pending determination before the Central District. On June 18, 2026, Petitioner filed another petition and commenced the instant case in this Court, in which Plaintiff repeats his argument that he is entitled to a bond hearing and seeks immediate release. (Doc. 1).

"Pursuant to 28 U.S.C. § 2244(a), '[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." *Ader O.L. v. Warden, California City Immigration Center*, No. 1:26-cv-03385-TLN-AC, 2026 WL 1299005, at *1 (E.D. Cal. May 12, 2026); *Tate v. Borla*, No. 1:25-cv01704 JLT SKO (HC), 2025 WL 3769421, at *1 (E.D. Cal. Dec. 31, 2025). Further, the Ninth Circuit has clarified that 28 U.S.C. § 2244(a) "prevents a federal inmate from using § 2241 'to call into question the validity of a conviction or sentence that has already been subject to collateral review,'" *Ader O.L.*, 2026 WL 1299005, at *1 (quoting *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1988)), as "§ 2244(a) bars successive petitions seeking review of the propriety of a detention 'pursuant to a judgment of a court of the United States," *id.* (quoting *Felker v. Turpin*,

518 U.S. at 651, 662–63 (1996)). Here, the undersigned finds the instant petition presents the same issues that were decided in the earlier action. In that earlier action, on May 8, 2026, District Judge John F. Walter granted the petition and directed Respondents to provide an individualized, substantive bond hearing. (*See* 5:26-cv-00314, Doc. 15). In this second action, Petitioner contends, in a fill-in-the-blank form petition, that he has been detained "07 months," that a bond hearing has not been conducted, and that his "prolonged detention without a hearing on danger and flight risk violates the Due Process Clause of the Fifth Amendment." (Doc. 1 at 2). Petitioner requests "immediate release due to an unforeseeable removal," stating he is "not flight risk or danger to community." (*Id*. at 5). The Court finds this petition is successive as it again seeks review of Petitioner's same detention. *See Ader O.L.*, 2026 WL 1299005, at *1.

Further, as reflected in the Government's response filed in this action, a bond hearing was conducted before an immigration judge who "denied release finding the DHS proved that Gourav was a significant flight risk and that no bond would secure his future appearance." (Doc. 9 at 2; *see also* Doc. 9-1 at 4-8 & Doc. 9-3 at 1-2). Respondents further state Petitioner "appealed to the BIA" and that briefing was "due July 13, 2026," and that Petitioner filed a motion to enforce in the action pending in the Central District of California. (*Id.*) .

The undersigned also finds that dismissing this action as successive would not prejudice Petitioner because even if the Court were to examine the merits, the undersigned observes that Petitioner's only new claim is that his detention is unconstitutionally prolonged pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). And the relief available pursuant to *Zadvydas* is a bond hearing, which Petitioner has been given. Further, *Zadvydas* addressed detentions under 8 U.S.C. §1231. Here, Petitioner appealed his order of removal to the BIA and thus it is not final, meaning Petitioner's detention still falls under section 1226(a). Petitioner has not provided any argument as to why this Court should extend the logic of *Zadvydas* to cases in which a Petitioner is detained pursuant to section 1226(a).[3]

[3] As noted above, Petitioner's motion to alter judgment and motion to enforce judgment remain pending in the action pending before the Central District of California. (*See* 5:26-cv-00314 docket). That Court's May 19, 2026, Order notes that "Petitioner is presently being detained, and the instant motions allege that Respondents have not complied with the terms of the Writ of Habeas Corpus recently entered in this case, affecting Petitioner's liberty." (5:26-cv-00314, Doc. 20 at 2). Therefore, any "new claim" will be considered by the Central District as well.

Because the legality of Petitioner's detention has previously been determined by Judge Walter of the Central District of California, and the correctness of the individualized bond hearing is under consideration by that court, the undersigned finds that the instant petition is successive. *Ader O.L.*, 2026 WL 1299005, at *1.

Accordingly, the Court will recommend summarily dismissing the petition for the same reasons stated in the prior denial and as an abuse of the writ.

**RECOMMENDATION**

For the foregoing reasons, the undersigned RECOMMENDS the petition for writ of habeas corpus, (Doc. 1), be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 17, 2026**

UNITED STATES MAGISTRATE JUDGE